**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JONATHAN THOMPSON, et al.,

Plaintiffs,

v. Case No.: 6:26-cv-01862-JSS-LHP

THE SCHOOL BOARD OF
ORANGE COUNTY, FLORIDA,

Defendant.

---

**ORDER**

Before the Court is Defendant's Unopposed Amended Motion to Seal Hearing Exhibits Under 20 U.S.C. § 1232g. Doc. No. 41. By this motion (Doc. No. 41), Defendant seeks to file under seal several video exhibits that it intends to offer into evidence at the upcoming evidentiary hearing on Plaintiffs' Emergency Motion for Preliminary Injunction and Request for Hearing. *See* Doc. Nos. 7, 32; *see also* Doc. Nos. 17, 21, 28, 31.[1] Plaintiffs do not oppose. Doc. No. 41, at 6. On review, the motion (Doc. No. 41) will be **GRANTED**.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11. The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right

[1] Defendant submitted a USB flash drive with the video exhibits to the Clerk of Court, as required by Local Rule 1.11(b)(8). Doc. No. 44; *see also* Doc. No. 41-1.

of access to inspect and copy judicial records. *See, e.g.*, *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).[2]

Here, Defendant seeks to seal four videos depicting the minor Plaintiff and other minor students who attend the minor Plaintiff's high school. Doc. No. 41; *see also* Doc. No. 44. Defendant contends that the videos are necessary because they depict events concerning the disputed exclusion of the minor Plaintiff's service

[2] Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records. *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

animal from the school setting, which are central to resolving the preliminary injunction motion. *Id.* at 2; *see also* Doc. Nos. 7, 17. Defendant further argues that sealing the items is necessary under the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, which protects the privacy rights of minor students in educational records, as well as under Federal Rule of Civil Procedure 5.2, which authorizes the filing of sensitive information under seal; that sealing is essential to protect the minor Plaintiff's substantial privacy interests, as well as those of other minor children depicted in the videos; and that the minor children's privacy interests substantially outweigh any public interest in access. Doc. No. 41, at 3, 5-6.

Upon consideration, given the representations in the motion which complies in full with Local Rule 1.11, and in light of Plaintiffs' lack of opposition, the Court finds that Defendant has carried its burden of demonstrating good cause to support sealing at this juncture. *See Baxter v. Hendren*, No. 6:21-cv-718-CEM-LHP, 2023 WL 2664171, at *1 (M.D. Fla. Mar. 28, 2023) (finding good cause to seal exhibit to summary judgment briefing containing body camera footage that included depictions of a minor child and references to the minor by name); *Gay v. Cobb Cnty., Georgia*, No. 1:16-cv-02539, 2019 WL 5530893, at *11 (N.D. Ga. Oct. 25, 2019) (granting motion to seal exhibits attached to summary judgment briefing that contained audio and video depictions of and references to a minor child, finding

that the public right of access was outweighed by minor child's legitimate privacy interests).

Accordingly, Defendant's motion (Doc. No. 41) is **GRANTED**. The video exhibits shall remain under seal. At any point in this litigation, however, the Court may determine that the information is not properly subject to continued sealing, and the Court may require that some or all of the information filed under seal be filed in the public record. Otherwise, absent further order of the Court unsealing the documents, this seal shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted. *See* Local Rule 1.11(e). This Order should also not be interpreted as permitting sealing of any portion of the upcoming November 12, 2026 hearing; the procedures by which that hearing will proceed, and by which any exhibits will be admitted and/or utilized, remains wholly within the discretion of the Presiding District Judge.

**DONE** and **ORDERED** in Orlando, Florida on October 21, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record